UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| COSMOPOLITAN TITLE AGENCY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 22-286-DCR |
| V. | ) ) | |
| JP MORGAN CHASE BANK, N.A., et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

After the Court dismissed Defendant JP Morgan Chase Bank, N.A. ("Chase") from this matter and denied Plaintiff Cosmopolitan Title Agency, LLC's ("Cosmopolitan") motion for leave to file a second amended complaint, Cosmopolitan filed a renewed motion to file a second amended complaint, as well as a motion to amend the scheduling order.  Defendant PNC Bank, N.A. ("PNC") opposes both motions.  [Record Nos. 60, 61] Additionally, PNC has moved for entry of summary judgment in its favor.

For the reasons outlined below, Cosmopolitan's renewed motions for leave to file a second amended complaint and to amend the scheduling order will be denied.  All claims will be dismissed, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Finally, PNC's motion for summary judgment is denied as moot.

**I.**

This Court dismissed Cosmopolitan's common-law claims against PNC on January 9, 2023, after noting that the claims were "based on the wire transfer itself" and thus preempted

- 1 -

by Article 4A of the Uniform Commercial Code ("U.C.C."), as adopted in chapter 355 of the Kentucky Revised Statutes ("KRS").  Count V was the sole claim against PNC to survive the motion to dismiss.  This count alleges that PNC violated KRS § 355.4A-211(2) "by failing to cancel the wire transfer and allowing [] funds to be withdrawn."  [Record No. 16] The parties agree that Count V of the amended complaint is governed by Article 4A of the U.C.C.

Cosmopolitan's proposed second amended complaint seeks to withdraw the sole surviving claim and reasserts near-identical common-law claims to those that were previously dismissed (this time being careful to describe PNC's alleged negligence and statutory violation as having occurred "after the funds transfer was complete").  [Record No. 58-1, p. 2] PNC argues that Cosmopolitan's amendments are untimely and futile under Rule 15.  [Record No. 60]

## II.

Federal district courts "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a).  However, "[o]nce the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)."  *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).  Further, "plaintiffs can demonstrate 'good cause' for their failure to comply with the original schedule, by showing that despite their diligence they could not meet the original deadline." *Id.* at 907.  "To evaluate whether justice so requires, the court must consider*, inter alia,* 'undue delay in filing . . . undue prejudice to the opposing party, and futility of amendment.'" *Banerjee v. Univ. of Tenn.*, 820 F. App'x 322, 328 (6th Cir. 2020) (quoting *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996,

1001 (6th Cir. 2005)).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Cosmopolitan asserts that, on June 9, 2023, it received discovery materials demonstrating that PNC had, in fact, received a Recall Notice on March 30, 2022, despite PNC's assertion that no such notice was received.  [Record Nos. 7, p. 2; 57-1, p. 6]  It alleges that the Recall Notice gave PNC on actual notice of the underlying fraudulent scheme *before* the funds were withdrawn by the fraudster.  Despite receiving the prompt refund request, the transferred funds remained in the fraudster's PNC account for two days before $30,400.00 was withdrawn on April 1, 2022, followed by another $7,000.00 withdrawal on April 4, 2022.  [Record No. 57-1, p. 6]  In light of this new evidence, Cosmopolitan determined that PNC's alleged negligence and statutory violation occurred *after* the transfer of funds had been completed, bringing it outside the scope of Article 4A.  But even if such newly discovered evidence is sufficient for a showing of "good cause" under Rule 16(b), PNC argues that Cosmopolitan's proposed second amended complaint should be denied as futile.

### A.

The common-law claims that the Court dismissed on January 9, 2023, are preempted by Article 4A because they were "based on the wire transfer itself." [Record No. 32, p. 6] And Cosmopolitan's newly proposed common-law claims suffer the same fate.  "Article 4A displaces common-law claims relating to wire transfers if the claims *arise out of* a situation addressed by Article 4A or attempt to create rights, duties, or liabilities inconsistent with Article 4A."  *Wright v. Citizen's Bank of E. Tenn.*, 640 F. App'x 401, 406 (6th Cir. 2016) (emphasis added).  Here, Cosmopolitan's alleged injury is the failure to recoup the funds transferred to PNC.  Implicit in that argument is Cosmopolitan's assertion that PNC owed it a

duty to revoke the transfer and return those funds. But both case law and Article 4A have contemplated such a situation.

"Title to funds in a wire transfer passes to the beneficiary bank upon acceptance of a payment order."[1] *Ford v. Baerg*, 532 S.W.3d 638, 642 & n.10 (Ky. 2017) (quoting *Regions Bank v. Provident Bank, Inc.*, 345 F.3d 1267, 1277 (11th Cir. 2003)). Once the beneficiary bank accepts a payment order, cancelation or amendment of that order is not effective "unless the receiving bank agrees or a funds-transfer system rule allows cancellation or amendment without agreement of the bank." KRS § 355.4A-211(3). An accepted transfer cannot be revoked without the consent of the beneficiary, and the beneficiary bank incurs an obligation to the beneficiary upon acceptance of the funds. *See United States v. BCCI Holdings (Luxembourg), S.A.*, 980 F. Supp. 21, 27 (D.D.C. 1997).

When PNC accepted Cosmopolitan's payment order from Chase—unaware of any fraudulent activity—it acquired title to the transferred funds. *Cf. Ford*, 532 S.W.3d at 642 n.10 (quoting *Regions Bank,* 345 F.3d at 1277) ("Clearly, if the receiving bank in the wire transfer 'know[s] or [has] reasonable cause to believe that the property [has] been obtained through commission of a theft offense,' then title would not validly pass."). The essence of Cosmopolitan's claims against PNC is that *after* receiving title to the transferred funds and learning that the transfer was induced by fraud, PNC failed to freeze the account or return the

---

[1] *See Wilder v. Noonchester*, 113 S.W.3d 189, 191 n.1 (Ky. Ct. App. 2003) (quoting David J. Leibson & Richard H. Nowka, The Uniform Commercial Code of Kentucky § 5.1 (2d ed. 1992) ("In the funds transfer process, no such tangible item [check] is involved, and no money of the paying party is actually transferred. Rather, by means of payment orders, and acceptance of such orders by the banks involved, the account of the obligor in its bank is depleted by the amount of the obligation, and the account of the obligee is enhanced by the same amount.").

funds.  However, PNC was under no obligation to do so.  Once PNC accepted the transfer and credited the beneficiary's account, Cosmopolitan's ownership interest in the transferred funds was extinguished.  *See United States v. BCCI Holdings (Luxembourg), S.A.*, 956 F. Supp. 5, 11 (D.D.C. 1997).  Pursuant to KRS § 355.4A-211(3), the return of Cosmopolitan's funds was solely at the discretion of PNC as the receiving bank.  Thus, as a matter of law, Cosmopolitan's alleged common-law claims "attempt to create rights, duties, or liabilities inconsistent with Article 4A" and are preempted (*Wright*, 640 F. App'x at 406–07) and its proposed second amended complaint is futile.

### B.

Cosmopolitan's motion to amend the scheduling order requests that all pending deadlines be extended sixty (60) days.  [Record No. 57-1, p. 8]  To demonstrate the requisite "good cause" under Rule 16(b), it cites evidence revealed through discovery on June 9, 2023, and its subsequent attempts to diligently file a second amended complaint in response to that discovery.  But having determined that Cosmopolitan's proposed amendments are futile, the Court must look to other offered justifications of "good cause."

After this Court dismissed the common-law claims in Cosmopolitan's amended complaint on January 9, 2023, the sole surviving claim (Count V) was an Article 4A claim for PNC's alleged violation of KRS § 355.4A-211(2).  [Record No. 32]  Cosmopolitan concedes in its most recent filings that, in light of new evidence, "neither Chase nor PNC has liability to Cosmopolitan under the statutory scheme set forth in Article 4A."  [Record No 57-1, p. 7]  For that reason, Cosmopolitan "promptly disavowed and attempted to withdraw the Article 4A claims . . . ."  [*Id.* at 9]  Having been denied leave to file a second amended complaint and

disavowed its sole remaining claim against PNC, Cosmopolitan has not shown "good cause" to amend the scheduling order.

### III.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court judge may, *sua sponte*, dismiss a case with prejudice when the plaintiff fails to prosecute his claims. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (recognizing a district court's "inherent power" to dismiss *sua sponte* for lack of prosecution as a necessary means of achieving "orderly and expeditious disposition of cases"); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)) (describing Rule 41(b) "as a tool to effect management of [the court's] docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties.") "[W]hen circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link*, 370 U.S. at 633.

"[D]ismissal with prejudice is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996); *see also Rollins v. Wackenhut Servs, Inc.*, 703 F.3d 122, 131 (D.C. Cir. 1996) (affirming the district court's dismissal under Rule 41(b) after the plaintiff's request for leave to file an amended complaint was denied as futile and the plaintiff "could not allege additional facts that would cure the deficiencies in her complaint").

In determining whether a case should be dismissed for failure to prosecute under Federal Rule 41(b), the Sixth Circuit has instructed district courts to consider the following four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer*, 529 F.3d at 737.  "[T]ypically none of the factors is outcome dispositive . . . ." *Knoll*, 176 F.3d at 363.

Cosmopolitan currently maintains one Article 4A claim against PNC for allegedly violating KRS § 355.4A-211(2).  Despite this Court dismissal of Cosmopolitan's common-law claims [Record No. 32] as preempted by Article 4A, Cosmopolitan moved for leave to file a second amended complaint, which essentially realleges those dismissed claims.  [Record No. 58] For the reasons set forth above, the Court will deny Cosmopolitan's motion for leave as futile.  While Cosmopolitan would ordinarily be free to litigate its Article 4A claim against PNC, it has conceded that PNC is not liable under Article 4A and has stated an intent to withdraw the claim.  [Record No 57-1, pp. 7, 9] Thus, having disavowed, on the record, its only remaining claim against PNC, Cosmopolitan's willful concession leaves it unable to prosecute its case in good faith.  Permitting the case to proceed, despite Cosmopolitan's on-the-record acknowledgment that its sole claim is not viable, would unnecessarily prejudice PNC by subjecting it to needless expenses of time, money, and effort in pursuit of a judgement it is entitled to as a matter of law.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

- 7 -

1.    Plaintiff Cosmopolitan Title Agency, LLC's renewed motion for leave to file second amended complaint [Record No. 58] is **DENIED**.

2.    Plaintiff Cosmopolitan Title Agency, LLC's motion to amend the scheduling order [Record No. 57] is **DENIED**.

3.    All claims asserted in this action are **DISMISSED** with prejudice.

4.    Defendant PNC Bank, N.A.'s motion for summary judgment [Record No. 65] is **DENIED** as moot.

Dated: September 22, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

- 8 -